UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :        16cv3658 (DLC)
BURCKHARDT COMPRESSION (US), INC., and :
BURCKHARDT COMPRESSION AG,           :        OPINION & ORDER
                                     :
                   Plaintiffs,       :
                                     :
          -v-                        :
                                     :
DEUTSCHE BANK AG,                    :
                   Defendant.        :
                                     :
------------------------------------ X

APPEARANCES

For the plaintiffs:
Clifford H. Walston
Walston Bowlin, LLP
800 Town & Country Blvd., Suite 300
Houston, TX 77024

For the defendant:
Mark A. Robertson
Norton Rose Fulbright US LLP
666 Fifth Avenue
New York, NY 10103

DENISE COTE, District Judge:

     This action is dismissed for lack of subject matter

jurisdiction.  Although it appeared upon its filing that

diversity jurisdiction was present, with the dismissal of two

domestic defendants, it is now clear that there is no federal

jurisdiction over this lawsuit.

**Background**

This case was originally filed on February 2, 2016, in the United States District Court for the Southern District of Texas. The sole basis of federal jurisdiction is diversity of the parties under 28 U.S.C. § 1332.  As originally filed, the case involved two plaintiffs and three defendants.  The plaintiffs were Burckhardt Compression (US), Inc., a Texas corporation with its principal place of business in Texas; and Burckhardt Compression AG, a Swiss corporation.  The defendants were Deutsche Bank AG, a German corporation also doing business and having its U.S. headquarters in New York; Deutsche Bank Trust Company Americas, a New York corporation with its principal place of business in New York; and Deutsche Bank Trust Company Delaware, a Delaware corporation with its principal place of business in Delaware.  As originally filed, federal jurisdiction existed for this action because it was between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a)(3).

On May 3, the plaintiffs voluntarily dismissed defendants Deutsche Bank Trust Company Americas and Deutsche Bank Trust Company Delaware under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The plaintiffs dismissed these defendants

2

because they did not participate in the wire transfers from which the plaintiffs' claims arose.  Following the dismissal of those defendants, the case involved a Swiss plaintiff, a Texas plaintiff, and a German defendant that does business and has its U.S. headquarters in New York.  On May 11, the case was transferred to Southern District of New York and assigned this Court.

At the initial pre-trial conference on July 1, the Court raised with the parties whether federal jurisdiction exists over this action given that the suit is between two foreign entities with a citizen of a State on only one side of the litigation. The parties briefed the issue on July 15.

### Discussion

Federal courts have a duty to inquire into their subject matter jurisdiction . . . ."  D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd., 756 F.3d 151, 161 (2d Cir. 2014).  "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."  Fracasse v. People's United Bank, 747 F.3d 141, 143 (2d Cir. 2014).  "[W]hen a determination is made that no jurisdiction lies, the district court has no power to do anything but to strike the case from the docket."

<u>W.G. v. Senatore</u>, 18 F.3d 60, 64 (2d Cir. 1994) (citation omitted).

This action, as it currently exists, involves a Swiss plaintiff, a Texas plaintiff, and a German defendant.  With respect to foreign parties, § 1332 authorizes jurisdiction over actions between (1) "citizens of a State and citizens or subjects of a foreign state" and (2) "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  28 U.S.C. § 1332(a).  This case does not fit into either category because it involves foreign entities on both sides of the litigation and an additional plaintiff that is a citizen of Texas.  The Second Circuit has held that jurisdiction does not exist when foreign entities are on both sides of the litigation and citizens of a State are only on one side.  <u>Universal Licensing Corp. v. Paola del Lungo S.p.A.</u>, 293 F.3d 579, 581 (2d Cir. 2002).  This is true even though defendant Deutsche Bank AG also does business and has its U.S. headquarters in New York.  <u>Id.</u>  For that reason, § 1332 does not authorize jurisdiction over this action with respect to the current configuration of parties.

The parties agree that jurisdiction does not exist over the action as it is currently configured.  The plaintiffs contend,

however, that the action may proceed because jurisdiction
existed over the action at the time it was filed.  This argument
is unpersuasive.

It is true, as the Supreme Court has held, that "diversity
of citizenship is assessed at the time the action is filed."
Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428
(1991).  Accordingly, in the ordinary case, "if jurisdiction
exists at the time an action is commenced, such jurisdiction may
not be divested by subsequent events."  Id.  Freeport involved a
contract dispute between two plaintiffs that were both citizens
of Delaware and Louisiana; and a defendant that was a citizen of
Kansas and Colorado.  After the suit was filed, one of the
plaintiffs transferred its interest in the contract to a limited
partnership that had limited partners who were citizens of
Kansas and Colorado.  The Supreme Court held that a change of a
party's citizenship after the filing of a lawsuit did not divest
the district court of jurisdiction because "[a] contrary rule
could well have the effect of deterring normal business
transactions during the pendency of what might be lengthy
litigation."  Id.  The Court also identified another situation
in which subsequent events would not defeat jurisdiction: "the
intervention, by leave of the court, of a party whose presence

is not essential to a decision of the controversy between the original parties." Id.

In contrast to Freeport, the instant case involves neither a change in a party's citizenship, nor the intervention of a non-diverse party "whose presence is not essential to a decision of the controversy." Id. Instead, this case involves the dismissal of two parties who had no involvement in the subject matter of this case and whose presence is essential to the existence of federal jurisdiction. Jurisdiction under § 1332 never existed for an action between the parties who have an actual stake in this case.

The expansive reading of Freeport advocated by the plaintiffs has been rejected by the Courts of Appeals that have considered this issue. There are situations in which events that occur after the filing of an action do divest a federal court of jurisdiction. See, e.g., Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 142 (1st Cir. 2004) (diversity jurisdiction can be divested by substitution of non-diverse party); Estate of Alvarez v. Donaldson Co., 213 F.3d 993, 995 (7th Cir. 2000) (diversity jurisdiction can be divested by the subsequent addition of non-diverse parties); Cobb v. Delta Exps., Inc., 186 F.3d 675, 680-81 (5th Cir. 1999) (joinder

of non-diverse defendants destroys diversity for jurisdictional purposes); Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir. 1998) ("Freeport does not stand for the proposition that all additions of nondiverse parties are permissible as long as complete diversity existed at the time of commencement of the lawsuit.").

To provide one example, American Fiber involved a plaintiff that was a citizen of Delaware and North Carolina and a defendant that was a citizen of Nevada and New Hampshire.  After the case had been filed, the plaintiffs discovered that a different party was the real party of interest and substituted the original defendant for a new defendant, which was a citizen of Delaware.  When the case was on appeal, the First Circuit held that the case must be dismissed for lack of jurisdiction, even though diversity existed at the time the action was filed. In discussing Freeport, the First Circuit noted:

> The procedural circumstances and ratio decidendi of Freeport-McMoRan limit its precedential value.  They make it clear that when the Court declared that "subsequent events" do not divest the district court of diversity jurisdiction, it was referring mainly to post-filing transfers of interest -- not to all post-filing additions of non-diverse parties.  Accordingly, we join several other courts of appeals that have read Freeport narrowly and restricted its precedential force to the precincts patrolled by Rule 25.

Am. Fiber, 362 F.3d at 140.

7

American Fiber addressed a circumstance not unlike the one presented here.  The First Circuit observed that a plaintiff cannot manufacture jurisdiction by doing in two steps what it could not do in one:

> [The plaintiff] could not originally have brought suit in federal court against [the substituted defendant], since citizens of Delaware would have been perched on both sides of the litigation.  When [the plaintiff] amended its complaint to configure its suit in precisely that fashion, complete diversity was destroyed just as surely as if it had sued [the substituted defendant] in the first instance . . . . [T]he plaintiff was doing in two steps what, if the plaintiff had done it in one, would have clearly disclosed the absence of federal jurisdiction.  The extra step obfuscates, but does not alter, the jurisdictional calculus.

Id. at 141 (citation omitted).

The same rationale applies here even though instead of substituting one defendant for another, the plaintiffs in the instant action originally sued three defendants and subsequently dismissed the two that are essential to the existence of jurisdiction.  The plaintiffs could not have originally sued Deutsche Bank AG in federal court, and allowing this case to proceed would permit the plaintiffs to do in two steps what they could not do in one.  A contrary rule would permit a foreign plaintiff to manufacture jurisdiction by suing another foreign entity along with citizens of States, only to later dismiss the

8

claims against the citizens of States and proceed against only the foreign entity, subverting to the holding of Universal Licensing Corp., 293 F.3d at 581.

## Conclusion

This case is dismissed for lack of subject matter jurisdiction, without prejudice to it being refiled in state court.  The Clerk of Court shall close the case.

Dated:    New York, New York
          July 21, 2016

                    _____
                    DENISE COTE
                    United States District Judge

9